## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 8913 | **DATE** | 6/5/2003 |
| **CASE TITLE** | Computer Strategy Coordinators, Inc. vs. Philadelphia Indemnity Insurance Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due___ . Reply to answer brief due___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, Philadelphia Indemnity's motions to dismiss Counts I and II [4-1] are denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| ☐ No notices required, advised in open court. | |
| ☐ No notices required. | number of notices |
| ☐ Notices mailed by judge's staff. | JUN 0 6 2003 date docketed |
| ☐ Notified counsel by telephone. | |
| ✓ Docketing to mail notices. | |
| ☐ Mail AO 450 form. | docketing deputy initials |
| ☐ Copy to judge/magistrate judge. | |
| TSA   courtroom deputy's initials | date mailed notice |

U.S. DISTRICT COURT
03 JUN -6 AM 8:25
Date/time received in central Clerk's Office   mailing deputy initials

Document Number

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| COMPUTER STRATEGY COORDINATORS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) No. 02 C 8913 ) | |
| PHILADELPHIA INDEMNITY INSURANCE CO., | ) Wayne R. Andersen ) District Judge ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Computer Strategy Coordinators ("CSC"), an Illinois corporation, has filed a two-count complaint against the defendant, Philadelphia Indemnity Insurance Co. ("Philadelphia Indemnity"), a Pennsylvania corporation. This Court has jurisdiction to hear this case under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. § 2201, CSC, the insured, seeks a declaratory judgment from this Court regarding the contractual obligations of the insurer, Philadelphia Indemnity, under an insurance policy. CSC also seeks damages for breach of contract, which include punitive damages. Philadelphia Indemnity has filed a motion to dismiss both counts pursuant to Fed.R.Civ.P. 12(b)(6). For the following reasons, the motion is denied.



## BACKGROUND

The following facts are taken from plaintiff CSC's complaint. Philadelphia Indemnity sold CSC, a company that provides mailing list services for commercial customers, an insurance policy providing coverage from December 13, 2001 though December 13, 2002. In the policy, Philadelphia Indemnity agreed to pay up to $1 million on behalf of CSC for any claim which the insured shall become obligated to pay. The following is the critical language of the policy:

> The company [Philadelphia Indemnity] shall pay on behalf of the "insured" all sums, not exceeding the Limits of Liability and in excess of the applicable Deductible set forth in the Declarations, for which the "insured" shall become legally obligated to pay as "Damages" resulting from any "Claim" first made against the "Insured" and reported to the company by written notice during the "Policy Period."
>
> . . .
>
> "Claim" means a demand received by the "Insured" for money, including the service of suit or institution of arbitration proceedings involving the "Insured."
>
> "Damages" means a monetary judgment, award or settlement and does not include fines, sanctions, statutory penalties, punitive damages or exemplary damages, including those based upon legal fees whether imposed by law, court or otherwise.
>
> . . .
>
> The Company [Philadelphia Indemnity], in the "Insured's" name and on the "Insured's" behalf, shall have the right and the duty to investigate, defend and conduct settlement negotiations, including selection of defense counsel, in any "Claim" or suit.

During the Policy period, CSC was hired by America Online ("AOL") to perform mailing list services. In February 2002, AOL requested that line of travel ("LOT") numbers be included in CSC's processing and reports for AOL mailings. By sorting the

list down to the postal carriers route level of detail, AOL would have been allowed to take advantage of the postal service's Carrier Route discount on the postage cost. Due to complications within CSC's company, certain AOL mailings were processed without LOT numbers, a loss costing AOL $748,769.52.

In June 2002, AOL formally notified CSC of its claim for $748,769.52, and that AOL "expect[ed CSC] to resolve a settlement of these damages immediately." CSC then notified Philadelphia Indemnity of the AOL claim. In a letter dated June 19, 2002, Philadelphia Indemnity acknowledged receiving the letter and stated that it would investigate the claim.

During the next few months, CSC claims it provided Philadelphia Indemnity with all necessary information and at all times pressed for a quick settlement of the claim. CSC further alleges that Philadelphia Indemnity did not respond to its repeated requests for a meeting to discuss the AOL matter until CSC threatened litigation. CSC and Philadelphia Indemnity had two meetings on November 20, 2002, and November 22, 2002. At the close of the second meeting, CSC alleges that Philadelphia Indemnity claimed it needed additional time to investigate the matter. On December 5, 2002, CSC claims that it sent Philadelphia Indemnity a letter via facsimile, reminding Philadelphia Indemnity that it should let CSC know if it needed any additional information. According to CSC, Philadelphia Indemnity has not responded to that letter or provided CSC with any additional questions or information regarding the AOL matter. Thus, CSC brings this action.

CSC's complaint contains two counts. In Count I for Declaratory Judgment, CSC prays for a judgment alleging that Philadelphia Indemnity has both a duty to defend and a

3

duty to indemnify CSC for "all sums which CSC is or may become legally obligated to pay in connection with the AOL claim." In Count II, CSC alleges that Philadelphia Indemnity breached its contract with CSC by not acting in good faith. Count II also contains a request for punitive damages.

## DISCUSSION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests whether the plaintiff has stated a claim, not whether the plaintiff will prevail on the merits. *Scheur v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974). In ruling on a motion to dismiss, the Court must assume all facts in the complaint to be true, construe the allegations liberally, and view the allegations in a light most favorable to the plaintiff. *Caremark, Inc., v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997). The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if it is clear from the complaint that no set of facts consistent with its allegations would entitle the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984).

1. Duty To Defend And Indemnify

"An insurer's duty to defend its insured arises from the contract of insurance." *American Standard Ins. Co. v. Basbagill*, 333 Ill. App. 3d 11, 16, 775 N.E.2d 255, 259 (2002). "Because the duty to defend is a creature of contract, determining the scope of the duty requires [a court] to construe the policy." In construing the policy, we must give unambiguous words their ordinary meaning but construe ambiguous language in favor of the insured. *Grzeszcak v. Illinois Farmers Insurance Co.*, 168 Ill. 2d 216, 223, 659

4

N.E.2d 952 (1995). Policy language, in turn, is ambiguous if there can be more than one reasonable interpretation of it. *Traveler's Insurance Co. v. Eljer Manufacturing, Inc.*, 197 Ill. 2d 278, 293, 757 N.E.2d 481 (2001). Once again, the important language of the policy is as follows:

> The company shall pay on behalf of the "insured" all sums, not exceeding the Limits of Liability and in excess of the applicable Deductible set forth in the Declarations, for which the "insured" shall become legally obligated to pay as "Damages" resulting from any "Claim" first made against the "Insured" and reported to the company by written notice during the "Policy Period."
>
> . . .
>
> "Claim" means a demand received by the "Insured" for money, including the service of suit or institution of arbitration proceedings involving the "Insured."
>
> "Damages" means a monetary judgment, award or settlement and does not include fines, sanctions, statutory penalties, punitive damages or exemplary damages, including those based upon legal fees whether imposed by law, court or otherwise.
>
> . . .
>
> The Company, in the "Insured's" name and on the "Insured's" behalf, shall have the right *and the duty* to investigate, defend and conduct settlement negotiations, including selection of defense counsel, in any "Claim" or suit. (emphasis added).

Philadelphia Indemnity argues that it has no duty to its insured unless and until an underlying complaint has been filed against CSC and there is a judicial determination of CSC's liability. Because AOL has not obtained a judgment against plaintiff CSC, Philadelphia Indemnity argues it does not owe a duty to defend and indemnify CSC.

We reject Philadelphia Indemnity's argument. The Insurance Policy requires Philadelphia Indemnity to defend, investigate, and conduct settlement negotiations in any

5

"claim" or "suit." The Policy further defines "claim" as a "demand receive[d] by the 'Insured' for money." Accordingly, the Policy requires Philadelphia Indemnity to investigate, defend, and conduct settlement negotiations for a "demand for money" received by CSC.

In this case, AOL made a formal demand for $ 748,769.52 and informed CSC that AOL expected CSC to resolve a settlement of these damages immediately. AOL's demand constitutes a "demand for money" under the Policy. CSC provided notice of the AOL claim to Philadelphia Indemnity in June, 2002. The AOL claim falls within the coverage of the Policy. Thus, CSC has stated a cause of action for Philadelphia Indemnity's duty to defend and indemnify based on the clear language of the Policy.

II. Breach Of Contract

In Count II, CSC alleges a cause of action for breach of contract. CSC alleges that, under the Policy, Philadelphia Indemnity owed CSC an implied duty of good faith and fair dealing. CSC alleges that Philadelphia Indemnity breached its contractual obligations to CSC by failing to act in good faith, by failing to protect CSC's interests in its customer relationship, and by deliberately delaying the settlement of the AOL claim. Finally, CSC alleges that as a direct and proximate result of Philadelphia Indemnity's breach of the Policy, CSC has sustained substantial losses. CSC requests compensatory, consequential and punitive damages.

We find that CSC has adequately alleged a cause of action for breach of contract based upon the foregoing allegations. Therefore, we deny Philadelphia Indemnity's motion to dismiss Count II.

## CONCLUSION

For the foregoing reasons, Philadelphia Indemnity's motions to dismiss Counts I and II are denied.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: June 5, 2003