# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 8913 | **DATE** | 9/2/2003 |
| **CASE TITLE** | Computer Strategy Coordinators, Inc vs. Philadelphia Indemnity Insurance Co | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we enter this clarification [21-1] of our 6/5/2003 order. Philadelphia Indemnity's motion to clarify is granted in part and denied in part. Philadelphia Indemnity's answer to the complaint is due on or before 7/21/2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | SEP 0 8 2003 | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 22 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials — tta | 03 SEP -3 AM 8:26 Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

COMPUTER STRATEGY )
COORDINATORS, INC., )
 )
        Plaintiff, )
 )
v. ) No. 02 C 8913
 )
PHILADELPHIA INDEMNITY ) Wayne R. Andersen
INSURANCE CO., ) District Judge
 )
        Defendant. )

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of defendant Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") to clarify the Court's order of June 5, 2003. We issue this opinion as a clarification of our previous order and grant in part and deny in part Philadelphia Indemnity's motion to clarify.

I.    Choice of Law

The first clarification requested by Philadelphia Indemnity is to clarify whether the Court will apply the law of Illinois or the law of Pennsylvania to this case. Plaintiff CSC maintains that Pennsylvania law should be applied, while Philadelphia Indemnity contends that Illinois law applies.

"A federal court sitting in diversity looks to the conflict of rules in the state jurisdiction in which it sits in order to choose the substantive law applicable to the case." *Massachusetts Bay Ins. Co. v. Vic Koeing Leasing, Inc.* 136 F.3d 1116, 1122 (7th Cir. 1998). Here, that forum is Illinois, and Illinois applies the "most significant contracts" analysis in determining which forum's law governs the interpretation of a comprehensive

insurance policy. *Id.*, citing *Society of Mount Carmel v. National Ben Franklin Ins. Co. of Ill.*, 643 N.E. 2d 1280, 1286 (1994). Under Illinois' "most significant contacts" test:

> "Insurance contract provisions may be governed by the location of the subject matter, the place of delivery of the contract, the domicile of the insured or of the insurer, the place of the last act to five rise to a valid contract, the place of performance, or other place bearing a relationship to the general contract. While all of these factors must be considered in the choice of law analysis, the location of the insured risk is given special emphasis .... The location of the insured risk will be given greater weight than any other single contract in determining the state of the applicable law provided that the risk can be located, at least principally in a single state.

*Massachusetts Bay*, 643 N.E. 2d at 1122, citing *Society of Mount Carmel*, 643 N.E.2d at 1287.

In the instant case, the insured risk is CSC's business, which is located in Illinois. Moreover, CSC, the insured, is domiciled in Illinois, and the delivery of the insurance contract occurred in Illinois when CSC received the counter-signed policy from Philadelphia Indemnity. Therefore, we find that the proper choice of law is Illinois law because the insured risk is the single most important factor, and other factors also favor Illinois.

II. Punitive Damages

Philadelphia Indemnity next argues that punitive damages should not be allowed in this case. In Count II, CSC alleges that Philadelphia Indemnity breached the insurance policy issued to CSC by failing to act in good faith. CSC requests relief in the form of punitive damages. Philadelphia Indemnity argues that punitive damages are not allowed in this instance by Illinois law.

In *Cramer v. Insurance Exchange Agency*, 174 Ill.2d 513, 675 N.E.2d 897 (1996), the Illinois Supreme Court held that an independent action in tort for breach of an

2

implied covenant of good faith and fair dealing would be proper only in the narrow context of cases involving an insurer's obligation to settle with a third party *who has sued the policyholder*. *Cramer*, 174 Ill.2d at 525, 675 N.E.2d at 897 (emphasis added).

In this case, we find that CSC is not entitled to punitive damages under the facts as alleged in the complaint. CSC has not alleged any tort claim against Philadelphia Indemnity, but instead alleges an action for breach of contract. Moreover, the third party involved in this case, AOL, has not yet sued CSC. Therefore, under the rationale of *Cramer*, an action for tort is not proper because this case does not involve an insurer's obligation to settle with a third party who has sued the policyholder. CSC has an explicit contractual remedy and can sue under the policy.

For these reasons, the request for punitive damages contained in Count II is stricken.

## CONCLUSION

For the foregoing reasons, we enter this clarification of our June 5, 2003 order. Philadelphia Indemnity's motion to clarify is granted in part and denied in part. Philadelphia Indemnity's answer to the complaint is due on or before July 21, 2003.

Wayne R. Andersen
United States District Judge

Dated: September 2, 2003